IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN MORAN, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COMSTAR, LLC <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

To the United States District Court for the District of Massachusetts.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant Comstar, LLC ("Comstar" or "Defendant") respectfully moves this action, captioned *JOHN MORAN, on behalf of himself and all others similarly situated v. Comstar, LLC*, Civ. A. No. 2277CV00851, filed in the Essex County (Massachusetts) Superior Court be removed to the United States District Court for the District of Massachusetts, and as grounds therefore state as follows:

**BACKGROUND**

1. On September 7, 2022, Plaintiff John Moran filed a putative Class Action Complaint ("Class Action Complaint") in the Superior Court of Massachusetts – Essex County, captioned *JOHN MORAN, on behalf of himself and all others similarly situated v. Comstar, LLC*, Civ. A. No. 2277CV00851 alleging individual and putative class claims. *See* Exhibit A, Class Action Complaint.

2. Plaintiff alleges he is among some of the persons who were sent a letter informing him of a data security incident at Comstar that could have resulted in unauthorized access to their

1

personal information by a third-party criminal.[1] *See* Ex. A, Class Action Complaint ¶ 10. Plaintiff alleges five causes of action arising out of the data security incident. Plaintiff asserts, on behalf of himself and the class: (1) Violation of M.G.L. c. 214, §1B; (2) Negligence; (3) Breach of Fiduciary Duty of Confidentiality; (4) Violation of M.G.L. c. 93A, §2; and (5) Declaratory Judgment. ¶¶ 67–180.

3. The Class Action Complaint does not identify a specific amount of damages sought as relief. Rather, Plaintiff categorically alleges he and the Class suffered actual injury from having their Private Information compromised as a result of the Data Breach including, but not limited to (a) emotional distress; (b) damage to reputation; (c) breach in their interest in privacy; and (d) public disclosure of private facts. *Id.* ¶ 52.

4. The Class Action Complaint names Comstar as the sole defendant.

5. Under 28 U.S.C. §§1441(a), 1446 and 1453, the action is removable to this Court because the procedural requirements for removal are satisfied and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005 ("CAFA").

6. Under 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, Defendant will give written notice to Plaintiff and to Essex County Superior Court of its filing of this Notice of Removal.

## BASIS FOR REMOVAL

**I.  Defendant Satisfied the Procedural Requirements for Removal.**

7. Defendant received a copy of the Class Action Complaint on September 21, 2022, by summons left with its Registered Agent. *See* Exhibit B, Summons. This notice of removal is

---

[1] The total impacted population was 708,507 individuals. *See* Ex. D, Post Aff., ¶ 4.

timely under 28 U.S.C. §1446(b), as it is made within 30 days of Comstar's receipt of the Class Action Complaint.

8.  Venue is proper in this Court because it corresponds to the district and division where this litigation was filed. Essex County Superior Court is located in the District of Massachusetts. *See* 28 U.S.C. §1441(a).

9.  As required under 28 U.S.C. §1446(a), true and correct copies of all process pleadings, and orders served upon Defendant are attached to this notice. *See* Exhibit C.

## II.   This Court has Subject Matter Jurisdiction Under 28 U.S.C. §1332(d).

10.  Under CAFA, this Court has jurisdiction over the putative class action because: (1) the putative class exceeds 100 members; (2) at least one putative class member has a different citizenship from Defendant; and (3) the amount that Plaintiff seeks to recover in class relief exceeds $5 million in the aggregate, exclusive of interest and costs.

### A. The Putative Classes Exceed 100.

11.  Under CAFA, a proposed class must consist of at least 100 persons. *See* 28 U.S.C. §1332(d)(5).

12.  Plaintiff defines the Class as himself and "all others similarly situated." *See* Class Action Complaint p. 1.

13.  There are at least 708,507 Class Members. Affidavit of Jeff Post, ¶ 4, attached as Exhibit D. Accordingly, this matter satisfies CAFA's class-size requirement. *See Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289 (D. Mass. 2009).

### B. There is Minimal Diversity to Establish CAFA Jurisdiction.

14.  Under CAFA there need only be minimal diversity, which exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28

U.S.C. §1332(d)(2)(A). "Class members" include "named and unnamed" persons that "fall within the definition of the proposed or certified class in a class action." *Id*. at §1332(d)(1)

15. There are putative class members whose citizenship is diverse from Comstar. *See* Ex. D, Post Aff., ¶ 4. Accordingly, CAFA's requirement of minimal diversity is satisfied here. *See* 28 U.S.C. §1332(d)(2)(A).

### C. The $5 Million Amount in Controversy Requirement is Satisfied.

16. Under CAFA, the aggregate amount in controversy must exceed $5 million exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2).

17. "[A] defendant's notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A defendant's plausible allegations regarding the amount in controversy will ordinarily suffice; however, where the plaintiff contests a removing defendant's showing on the amount in controversy, a court must apply a preponderance of the evidence standard to determine whether the amount in controversy satisfies CAFA's requirements. *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289 (D. Mass. 2009).

18. Where the plaintiff has not specifically alleged in the complaint that the amount in controversy is less than the jurisdictional minimum, the challenger to subject matter jurisdiction has to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold. *Amoche v. Guarantee Tr. Life Ins. Co.*, CIV 07-CV-371-JD, 2008 WL 3843903 (D.N.H. Aug. 14, 2008), aff'd, 556 F.3d 41 (1st Cir. 2009).

19. Plaintiff has not specifically alleged that the amount in controversy is less than the jurisdictional minimum.

20. Plaintiff alleges, on behalf of himself and the putative class, entitlement to actual damages and attorney's fees. *See* Class Action Complaint, Counts 1-5. As discussed above, the putative class in this action is at least 708,507 individuals. *See* Ex. D, Post Aff., ¶ 4.

21. While Defendant maintains that Plaintiff and the putative class are not entitled to any damages, it is reasonable to draw the conclusion the amount the Plaintiff seeks in relief is more than $5 million given the size of the potential class and the damages alleged by Plaintiff. Even a small amount of damages sought on behalf of each class member would result in an amount in controversy exceeding $5 million in the aggregate.

22. Accordingly, the total amount in controversy would exceed CAFA's $5 million jurisdictional threshold. *See e.g., Manson*, 602 F. Supp. 2d at 293.

**D. There Exists a Consolidated Action in this Court.**

23. On September 16, 2022, Judge Patti B. Saris executed an Order consolidating the two existing class action complaints in this Court against Comstar asserting the same claims as this Class Action Complaint, *Greg Davis*, *on behalf of himself and all others similarly situated v. Comstar, LLC*, Civ. A. No. 1:22-CV-11119-PBS and *Andrew Basinas, on behalf of himself and all others similarly situated v. Comstar, LLC*, Civ. A. No. 1:22-CV-11122-RWZ. *See* Exhibit E, Consolidation Order.

24. Pursuant to the Order, "[a]ll future-filed or transferred actions that are related to the Consolidated Action pursuant to L.R. 40.1(g) in that they are based on same or similar facts and circumstances shall be consolidated in the Consolidated Action." *Id.*

25. Here, this Class Action Complaint asserts essentially the same claims and seeks the same relief as the Consolidated Action.

26. Accordingly, the Court should consolidate this matter once it is removed.

## **CONCLUSION**

27. Wherefore, because Defendant has demonstrated that all prerequisites for CAFA jurisdiction have been met, this matter is properly removable.

**WHEREFORE**, Defendant respectfully requests that this Court exercise its CAFA jurisdiction over this action and accept the removal of the Class Action Complaint.

Respectfully submitted,

Comstar, LLC

By its attorneys,

*/s/ Michael P. Giunta*
Michael P. Giunta, BBO# 543768
Sean Andrés Rapela, BBO# 709630
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
Tel: (617) 963-5974
mgiunta@fmglaw.com
sean.rapela@fmglaw.com

## CERTIFICATE OF SERVICE

I, Sean Andrés Rapela, hereby certify that on October 11, 2022, this document, filed through the ECF system, will be served via email and first class mail, postage prepaid, upon:

Kevin J. McCullough, BBO# 64480
Robert J. Hartigan, BBO# 697304
Kathryne D. Masson, BBO# 708406
Mazow / McCullough, PC
10 Derby Square, 4th Floor
Salem, MA 01970
(978) 744-8000
kjm@helpinginjured.com
rjh@ helpinginjured.com
kdm@ helpinginjured.com

/s/ Sean Andrés Rapela
Sean Andrés Rapela